UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
ANGELIQUE OLAECHEA,

                              Plaintiff,        Case No.

                -against-               **COMPLAINT & JURY DEMAND**

THE CITY OF NEW YORK, LIEUTENANT
DANIEL BROWN, and CAPTAIN
VINCENT GREANY,

                           Defendants.
_____X

Plaintiff Angelique Olaechea (hereinafter "Plaintiff,") as and for her complaint by her undersigned counsel, alleges as follows:

## INTRODUCTION

1.       This is a suit to obtain relief for retaliation against the plaintiff for protected activity, as well as for discrimination as a result of her gender, by the City of New York, (hereinafter "the City" through its agency, the New York City Police Department (hereinafter " the NYPD"), Lieutenant Daniel Brown, and Captain Vincent Greany.

## VENUE

2.       The basis of venue is Plaintiff's employment in New York County and New York County being the venue where the events alleged in the complaint occurred. Venue is proper in the United District Court for the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3) in that the offices of defendants are within this district, a substantial part of the events giving rise to this claim arose in this district and records relevant to the practices complained of herein are located in this district.

## JURISDICTIONAL PREREQUISTE

3.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and a right to sue letter was issued on May 12, 2017.

4.    This complaint is filed within 90 days of May 12, 2017.

## PARTIES

5.    The Plaintiff, Angelique Olaechea is a female of Latina descent, and is a Lieutenant in the in the NYPD currently posted to the NYPD's 79th Precinct, located at 263 Tompkins Avenue, Brooklyn, New York 11216. Up to September 30, 2016, and for the nine years preceding that date, plaintiff had been assigned to the NYPD's 9th Precinct, located at 321 E. 5th Street, New York, NY 10003.

6.    Plaintiff Angelique Olaechea is currently employed as a Lieutenant in the NYPD.

7.    At all times relevant Plaintiff, as an employee of the NYPD, a department of the City, is by virtue of that fact, an "employee" of the CITY within the meaning of the relevant statutes.

8.    Upon information and belief, the CITY is a domestic government agency and is engaged in business in the state of New York, with an office and place of business in Queens, New York.

9.    At all times relevant to this action, CITY was an "employer" for purposes of the common law of New York and the relevant statutes.

10.    Defendant Lieutenant Daniel Brown, was a supervisor of the plaintiff and was at all material times, the administrative manager and second in command, at the 9th Precinct of the NYPD, where the plaintiff was assigned.

11.    Captain Vincent Greany, was a supervisor of the plaintiff and was at all material times,

the commanding officer of the 9th Precinct, where the plaintiff was assigned.

## FACTUAL ALLEGATIONS

12. Beginning in the year 2014 and for a period that continued until the year 2015, Lt. Olaechea was a supervising officer to Police Officer Javier Velazquez, a Latino Police Officer who at times, was under her command.

13. During that period and continuing until October 2016, Officer Velazquez complained to Lt. Olaechea that he was being discriminated against by specific supervising officers within the 9th Precinct. Lt. Olaechea also noticed that white supervisors created a hostile working environment for Officer Velazquez by frequently putting him on punishment posts and sending him into situations that put him in unnecessary danger. At various times during this period, Officer Velazquez complained to Lt. Olaechea about the racial discrimination he was experiencing from some white supervisors including Lieutenant Daniel Brown.

14. Plaintiff reported and or forwarded Officer Velazquez's claims of racial discrimination to the NYPD's Office of Equal Employment Opportunity (OEEO) and also instructed Officer Velazquez on how to file an OEEO complaint, and assisted Officer Velazquez in making such complaints.

15. Police Officer Velazquez's complained to the OEEO on October 14, 2015 about racial discrimination from Lt. Brown. Plaintiff assisted Officer Velazquez in making this complaint.

16. Police Officer Velazquez complained to the OEEO again on or about December 3, 2015 about racial discrimination from Lt. Brown. Plaintiff assisted Officer Velazquez in making this complaint.

3

17. On or about September 14, 2016, plaintiff testified as a witness in the NYPD's internal Departmental trial of police officer Javier Velazquez on various disciplinary charges, primarily based on discourtesy to a senior officer. At the trial, plaintiff testified in substance that Officer Velazquez had experienced and was currently being subjected to racial discrimination and a hostile working environment as a result of his Latino race. She also testified that she had reported or forwarded Officer Velazquez's complaints to the OEEO, had assisted Officer Velazquez in making those reports and had personally noticed that Officer Velazquez was being subjected to a hostile working environment as a Latino Police Officer.

18. Beginning on September 14, 2016, immediately after plaintiff's testimony at the departmental trial of Police Officer Velazquez, Captain Greany and Lt. Brown retaliated against plaintiff by telling other members of the 9th Precinct, that plaintiff was personally involved with Police Officer Velazquez and as a result, gave him preferential treatment. This falsehood was circulated among members of the 9th Precinct command by Lt. Brown and Captain Greany, in order to humiliate, embarrass and discomfit plaintiff and lessen the regard in which she was held by her co-workers.

19. The falsehood circulated by Lt. Brown and Captain Greany created a hostile working environment for the plaintiff. As a result of the lies told by Lt. Brown and Captain Greany about plaintiff, her standing, reputation and authority within the command was damaged.

20. On or about September 30, 2016, approximately two weeks after her testimony at the departmental trial, Lt. Olaechea, was punitively transferred from the 9th Precinct of the NYPD which is located in the lower east side of Manhattan, to the 79th Precinct of the

4

NYPD which is located in the Bedford-Stuyvesant area of Brooklyn.

21.   The transfer was punitive because there was no rational basis for it. Prior to the transfer, Lt. Olaechea had been with the NYPD for 22 years and the 9th Precinct for 9 years and had an exemplary disciplinary and performance record. She had never had a command discipline or a Civilian Complaint Review Board (CCRB) complaint, and had never been placed on the performance monitoring program.

22.   The transfer was punitive because plaintiff had not requested a transfer.

23.   The transfer was punitive because it was sudden and un-explained and plaintiff was not given any advance notice of it or given any reason for the transfer. In fact, after being notified of the transfer on September 30, 2016, plaintiff sought an explanation from Captain Greany but Captain Greany refused to talk to the plaintiff and would not give her a reason for the transfer.

24.   The supervising officers responsible for transferring the plaintiff are Lt. Brown and Captain Greany.

25.   In addition to having plaintiff transferred out of the 9th Precinct, Captain Greany and Lt. Brown further retaliated against the plaintiff by charging the plaintiff with five retro-active infractions all of which alleged violations of NYPD regulations and none of which was merited. The only purpose of these retroactive charges was to punish the plaintiff for her testimony on behalf of Officer Velazquez.

26.   On October 8, 2016, Lt. Olaechea made an internal complaint of retaliation, to the NYPD's Office of Equal Employment Opportunity, against Captain Greany and Lieutenant Brown, for the same conduct complained of in this complaint. The OEEO essentially ignored plaintiff's complaint and did nothing to resolve the situation.

27.   On October 11, 2016, Lt. Brown, called the 79th Precinct where Lt. Olaechea is now posted, and left a message for her stating that she had until October 14, or three days, to clear out her locker at the 9th Precinct. Upon getting the message, plaintiff asked a colleague, Police Officer Jessica Torres, to clear out the locker and secure Lt. Olaechea's property that was inside the locker. However, when Officer Torres got to the locker on October 11, 2016, she discovered that Lt. Brown had already broken the locks on Lt. Olaechea's locker and had removed the contents. Upon request, Lt. Brown returned the contents of the locker to Lt. Olaechea via Officer Torres. This was a malicious and unnecessary action by Lt. Brown and its purpose was to embarrass, humiliate and belittle Lt. Olaechea in further retaliation for her testimony. Lt. Brown gave Lt. Olaechea three days notice to clear out her locker but then broke into the locker without waiting three days or even one day. The very act of breaking into the locker of a female Lieutenant, by Lt. Brown, a male supervisor, was strange and unusual. In fact, that same locker room houses multiple other lockers left by retired or transferred female supervisors who had been gone from the command much longer than Lt. Olaechea and Lt. Brown never broke into their lockers.

28.   On December 7, 2016, more than two months after her assignment to the 79th Precinct, plaintiff received written notice of five departmental charges brought against her by Lt. Brown and Captain Greany of the 9th Precinct. Although the notice was given to plaintiff on December 7, 2016, the charge is backdated to November 2, 2016 and the infractions are said to have been committed beginning February 2014.

29.   The first charge read as follows "*Said Lieutenant Angelique Olaechea while assigned to the 9th Precinct, on or about June 26, 2016, while assigned to perform an overtime tour*

6

*from 0030 hours to 0915 hours, wrongfully failed to sign the Return Roll Call upon ending this tour early and wrongfully failed to submit an overtime report in a timely manner*". The fact that Captain Greany and Lt. Brown dredged up and charged Lt. Olaechea with this petty violation five months after the fact, immediately following her trial testimony, is evidence of its retaliatory nature. This is at best a trivial violation that ordinarily would not merit a disciplinary charge.

30.    The second charge reads as follows: "*Said Lieutenant Angelique Olaechea, while assigned to the 9th Precinct, on or about between June 25, 2016, engaged in conduct prejudicial to the good order, efficiency, or discipline of the Department, to wit: said Lieutenant wrongfully granted an emergency day to a member of the service when she was not the on duty 9th Precinct Desk Officer and while she was off duty and wrongfully failed to make an entry in the Roll Call or Roll Call Adjustment and failed to ensure the submission of a Leave of Absence Report in regards to the Emergency Day said Lieutenant had granted to said member of the service*". This charge is retaliatory not only because it's retroactive, but also because it is false. Lt. Olaechea was the on duty desk officer on the day in question and she also handed in a Leave of Absence Report to Sergeant Julie Clarke, on the same day, for transmission to Lt. Brown.

31.    The third charge reads as follows: "*Said Lieutenant Angelique Olaechea, while assigned to the 9th Precinct, on or about and between August 16 and August 7, 2016, wrongfully failed to comply with a lawful direction or order given by Captain Vincent Greany in that having been directed not to make changes to Roll Calls for Members of the Service not assigned to her platoon, said Lieutenant changed the assigned tour or assignment in Roll Calls for a Member of the Service not assigned to her platoon.*" This charge is retaliatory

and pretextual because the facts are twisted to make it seem as if Lt. Olaechea willfully disobeyed Captain Greany, when in fact, she did not. It is routine for Platoon leaders such as Lt. Olaechea, to sign off on 'mutuals' for police officers not assigned to their platoon, when the platoon leader for said police officer is off duty and therefore not available. On the day in question, the police officer referred to in the charge had a 'mutual' with another police officer. A mutual is an exchange of assignment tours between members of the service for their own convenience and is allowed by the NYPD as part of the Collective Bargaining Agreement (CBA) between the officers union, the Patrolmen's Benevolent Association (PBA), and the NYPD. Rather than approve a change of assignment for a police officer outside her platoon, as alleged in the charge, Lt. Olaechea lawfully approved a 'mutual' between two officers, in the absence of another platoon commander, which is one of her functions as a Lieutenant and Platoon leader.

32.    The fourth charge reads as follows; "*Said Lieutenant Angelique Olaechea, while assigned to the 9th Precinct, on or about August 9, 2016, while acting as the desk officer, wrongfully failed to promptly review and approve complaint reports and failed to comply with a direction or order by Captain Greany to review and sign off on or approve complaint reports*". This charge is retaliatory because it is false as Lt. Olaechea did promptly review and approve complaint reports. The charge is also a very minor violation that ordinarily would not merit a disciplinary charge, especially since the charge is brought four months after it allegedly occurred.

33.    The fifth charge reads as follows: "*said Lieutenant Angelique Olaechea, while assigned to the 9th Precinct, on or about and between February 21, 2014 and October 1, 2016, engaged in conduct prejudicial to the good order, efficiency, or discipline of the*

*Department, to wit: said Lieutenant wrongfully showed preferential treatment and favoritism towards a member of the service, police officer Javier Velazquez.*" This charge is retaliatory because it relates to conduct that allegedly began three years ago in February 2014, and yet plaintiff received no notice of such charge until December 7, 2016. It is also vague and calculated by Captain Greany and Lt. Brown to humiliate Lieutenant Olaechea and undermine her credibility with charges of impropriety, because she testified as a witness on behalf of Officer Velazquez and corroborated his claim that as a Latino, he is facing a hostile working environment and racial discrimination.

34.    In further retaliation, on December 7, 2016, plaintiff was informed that she had been placed on level one performance monitoring.

35.    Performance monitoring is a disciplinary measure reserved for members of the service whose performance or behavior is so consistently substandard that they are referred to a special unit, the Performance Monitoring Unit, to monitor their behavior and conduct with a view to either salvage their careers, if the performance improves, or ultimately place them on dismissal probation and possibly, terminate their employment, if the performance does not improve. Prior to her testimony on behalf of Officer Velazquez, plaintiff's performance, according to NYPD guidelines and precedence, was exemplary, and was not so sub-standard that she qualified to be placed in the performance monitoring program, but Captain Greany and Lt. Brown, placed plaintiff on the performance monitoring program to further punish her and ruin her career, for telling the truth on behalf of Police Officer Javier Velazquez.

36.    The facts which give rise to the within causes of action include but are in no way limited to the facts contained above.

## AS AND FOR A FIRST CAUSE OF ACTION

37.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

38.     The Defendants discriminated against Plaintiff because she testified in a departmental hearing about the racial discrimination suffered by Officer Velazquez, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

39.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

40.     The Defendants discriminated against Plaintiff because she testified in a departmental hearing about the racial discrimination suffered by Officer Velazquez, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A THIRD CAUSE OF ACTION

41.      Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

42.     The Defendants discriminated against Plaintiff because she testified in a departmental hearing about the racial discrimination suffered by Officer Velazquez, in violation of Administrative Code of the City of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION

43.      Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

44.     The Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to in retaliation for her testimony in a departmental hearing about racial discrimination suffered by Officer Velazquez, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR A FIFTH CAUSE OF ACTION

45.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

46.     The Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to in retaliation for her testimony in a departmental hearing about racial discrimination suffered by Officer Velazquez, in violation of New York State Executive Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

47.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

48.     The Defendants retaliated against Plaintiff because she complained about the discriminatory treatment she was subjected to in retaliation for her testimony in a departmental hearing about racial discrimination suffered by Officer Velazquez, in violation of the Administrative Code of the City of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION

49.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

50.     The Defendants discriminated against Plaintiff on the basis of her gender, by falsely accusing her of personal involvement with a male police officer thereby creating a hostile working environment for the plaintiff, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

51.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

52.     The Defendants discriminated against Plaintiff on the basis of gender, by falsely accusing her of personal involvement with a male police officer, thereby creating a hostile working environment for the plaintiff, in violation of New York State Executive Law (Human

11

Rights Law) §296.

## AS AND FOR A NINTH CAUSE OF ACTION

53.    Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

54.    The Defendants discriminated against Plaintiff on the basis of her gender, by falsely accusing her of personal involvement with a male police officer, thereby creating a hostile working environment for the plaintiff, in violation of Administrative Code of the City of New York.


## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Angelique Olaechea demands judgment as follows:

a.  Against the Defendants, declaring the acts and practices complained of herein are in violation of the Title VII of the Civil Rights Act of 1964, Human Rights Law of the City of New York and the Laws of the State of New York;

b.  Enjoining and permanently restraining these violations of the Human Rights Law of the City of New York and the Laws of the State of New York;

c.  Directing Defendants to pay Plaintiff an additional amount as compensatory damages for her pain and suffering;

d.  Directing Defendants to pay Plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for Plaintiff's statutory rights;

e.  Awarding Plaintiff such interest as is allowed by law;

f.  Awarding Plaintiff reasonable attorney's fees and costs;

g.  Trial by Jury; and

h.  Granting such and further relief as this Court deems necessary and proper.

12

Awarding Plaintiff, Angelique Olaechea, such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages, and punitive damages as well as costs and disbursements of this action.

Dated:      New York, New York     Respectfully submitted,
           June **25**, 2017

                                  */S/*
                        Chukwuemeka Nwokoro (CN-1038)
                        Nwokoro & Scola, Esquires
                        Attorney for Plaintiff Angelique Olaechea
                        44 Wall Street, Suite 1218
                        New York, NY 10005
                        (212) 785-1060
                        Emekanwokoro101@yahoo.com